NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAR 9 2022

FOR THE NINTH CIRCUIT

RAFAEL TORRES LOMAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-73585

Agency No. A088-890-438

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
San Francisco, California

Before:  S.R. THOMAS and McKEOWN, Circuit Judges, and ORRICK,[***] District
Judge.

Rafael Torres Lomas, a native of Mexico petitions for review of a Board of

Immigration Appeals ("BIA") order denying his application for withholding of

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William Horsley Orrick, United States District Judge
for the Northern District of California, sitting by designation.

removal. We have jurisdiction under 8 U.S.C. § 1252. Because a single member of the BIA affirmed the Immigration Judge's ("IJ") decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the agency's final action. *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir. 2005) (citation omitted). We review legal questions de novo and factual findings for substantial evidence. *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021). We dismiss in part and deny in part the petition.

Both before the BIA and the IJ at his hearing, Torres Lomas failed to claim that he was persecuted for his political opinion. Torres Lomas therefore failed to exhaust his administrative remedies, depriving us of jurisdiction to consider this issue in connection with his withholding claim. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004). We dismiss Torres Lomas's petition for review to the extent that it challenges the agency's denial of withholding of removal on the basis of persecution on account of political opinion.

Substantial evidence supports the IJ's finding that Torres Lomas has not established a "clear probability" of a threat to his "life or freedom if deported" to Mexico, as he is required to do to establish eligibility for withholding of removal on account of membership in a particular social group. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (quoting *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)). Torres Lomas never testified to experiencing any past persecution in

2

Mexico, nor has he established a reasonable fear of future persecution. *Id.* at 1094. That Torres Lomas's cousin was killed over fifteen years ago does not establish a "clear probability" that Torres Lomas will persecuted, especially because Torres Lomas had "no idea" who was responsible for the killing and failed to offer a clear explanation why he, too, would be a target. Also, Torres Lomas's mother and sisters have continued to live in his home state of Sonora, Mexico without experiencing harm, which "undercut[s]" his fear of future persecution. *Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) (citing *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001)). To the extent that Torres Lomas fears returning to Mexico because he does not "feel safe" there, his "desire to be free from harassment by criminals motivated by theft or random violence" cannot form the basis of a claim for relief. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Finally, because we deny the petition on the basis that Torres Lomas has not established a clear probability that he will be persecuted upon return to Mexico, we need not remand for the agency to consider whether a statutorily protected ground was "a reason" for the harm feared, *see Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), nor do we reach whether Torres Lomas is a member of a "particular social group." *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (citing *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION DISMISSED IN PART AND DENIED IN PART.**